IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DAMEON DALEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No.: 3:05-cv-2-JLF |
| | ) | |
| RANDY J. DAVIS | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER**

This matter is before the Court on the Motion for Discovery filed by the petitioner, Dameon Daley, on January 4, 2005 (Doc. 2) and the Motion to Appoint Counsel filed by Daley on July 15, 2005 (Doc. 19). For the reasons set forth below, the Motion for Discovery is **DENIED WITHOUT PREJUDICE** and the Motion to Appoint Counsel is **DENIED WITHOUT PREJUDICE**.

As indicated in this Court's Report and Recommendation, the discovery that the petitioner seeks is for a claim regarding the sufficiency of the evidence that is not properly before this Court. As such, the Court will not compel the respondent to provide the transcripts and other material that the petitioner requests at this point in the litigation. After the District Court rules on the Report and Recommendation, and if the order permits, this Court may reconsider the petitioner's request for discovery.

In addition, as this Court has Recommended that the District Court dismiss his petition, appointing Counsel also would be futile. But, again, this Court may reconsider this motion after the District Court rules on the Report and Recommendation. However, the plaintiff is instructed that 28 U.S.C. §1915(e)(1) provides that the Court "may request an attorney to represent any person unable to afford counsel." However, there is no constitutional or statutory right to

counsel for a civil litigant.  Stroe v. Immigration and Naturalization Services, 256 F.3d 498, 500 (7th Cir. 2001);  Zarnes v. Rhodes, 64 F.3d 285, 288 (7th Cir. 1995).  In Heidelberg v. Hammer, 577 F. 2d 429 (7th Cir. 1978), the Court recognized that the question of whether or not to request an attorney to represent a plaintiff rests in the sound discretion of the district court "unless denial would result in fundamental unfairness impinging on due process rights." 577 F.2d at 431; See also  Gil v. Reed, 381 F.3d 649, 656-657 (7th Cir. 2004); 28 U.S.C. § 1915(e)(1).  The Court may only request counsel to represent an indigent if the likelihood of success is more than just doubtful.  Miller v. Pleasure, 296 F.2d 283, 284 (2nd Cir. 1961).  Under Local Rule 83.1(i), every member of the bar of this Court shall be available for appointment to represent an indigent.

   The threshold burden the litigant must meet is to make a reasonable attempt to secure private counsel.  Gil v. Reed, 381 F.3d 649, 656 (7th Cir. 2004); Zarnes, 64 F.3d at 288.  After meeting the threshold burden, there are five factors that a district court should consider in ruling on a request to appoint counsel.  Those factors are  (1) whether the merits of the claim are colorable; (2) the ability of the indigent to investigate crucial facts; (3) whether the nature of the evidence indicates that the truth will more likely be exposed where both sides are represented by counsel; (4) capability of the indigent person to present the case; and (5) the complexity of the legal issues raised by the complaint.  See  Merritt v. Faulkner, 697 F.2d 761, 764 (7th Cir. 1983); McKeever v. Israel, 689 F.2d 1315 (7th Cir. 1982); Maclin v. Freake , 650 F.2d 885,887-889 (7th Cir. 1981).  The Court reminds the petitioner that he may only be entitled to an attorney should this Court or the District Court mandate an evidentiary hearing.

   Therefore, after the District Court's ruling on the Report and Recommendation, and after the petitioner has made an effort to secure counsel (by providing documentation that he has

contacted at least three attorneys who have declined to represent him), Daley may re-file this motion if appropriate.

For the foregoing reasons, the Motion for Discovery filed by Daley, on January 4, 2005 is **DENIED WITHOUT PREJUDICE** (Doc. 2) and the Motion to Appoint Counsel filed by Daley on July 15, 2005 is **DENIED WITHOUT PREJUDICE** (Doc. 19).

**DATED: August 9, 2005**

> **s/ Donald G. Wilkerson**
> **DONALD G. WILKERSON**
> **United States Magistrate Judge**